Argued October 26, affirmed November 16, 1970

STATE OF OREGON, *Respondent,* (No. C-55401)
*v.* EUGENE ORVILLE HALL, *Appellant.*

476 P2d 930

*Oscar D. Howlett,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

PER CURIAM

Defendant, convicted under ORS 166.270 of being an ex-convict in possession of a firearm capable of being concealed on his person, appeals on the grounds

that his motion to suppress the pistol found on him should have been allowed. He argues that the search which produced the pistol was not justified, absent a warrant, and further that the search was improper because it took place prior to arrest. He is wrong on both counts.

The defendant, while driving an automobile, was stopped by a police officer for violation of the Basic Rule. After stopping the vehicle the officer walked up to it. The defendant got out holding his right hand in the pocket of his knee-length coat. The right pocket was baggy and sagged. The officer grabbed the defendant's arm and asked him if he had a gun. The defendant answered, "yes." The officer then removed the gun and arrested the defendant. *Terry v. Ohio*, 392 US 1, 88 S Ct 1868, 20 L Ed 2d 889 (1968), tells us that when a police officer has reason to believe that he is dealing with an armed individual he has a right to search for weapons regardless of whether he has probable cause to arrest that individual for a crime. Here the officer did not merely think he was dealing with an armed person—he knew he was.

The fact that the officer first took the gun and then arrested the defendant does not invalidate the seizure. *State v. Murphy*, 2 Or App 251, 465 P2d 900, Sup Ct *review denied, cert denied* 400 US 944, 91 S Ct 246, 27 L Ed 2d 248 (1970).

Affirmed.